**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-4678**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JERIMI MISHOME SIMS, a/k/a Jerimi Meshon Sims, a/k/a Pac Man,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:01-cr-00005-RLV-24)

———————

Submitted: January 30, 2012      Decided: February 3, 2012

———————

Before KING and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Steven H. Jesser, STEVEN H. JESSER, ATTORNEY AT LAW, P.C., Skokie, Illinois, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerimi Mishome Sims appeals the district court's judgment revoking his supervised release and sentencing him to forty-six months' imprisonment. Sims' attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but raising the issue of whether the government proved by a preponderance of the evidence that Sims was guilty of violating his supervised release by committing violation (1), the offense of possession of marijuana with intent to manufacture, sell or deliver. Counsel also questions whether Sims' sentence was reasonable. Sims has filed a pro se supplemental brief raising these same issues. We affirm.

We review a district court's judgment revoking supervised release and imposing a term of imprisonment for abuse of discretion. United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). To revoke supervised release, a district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2006). Sims admitted guilt to four of the five charged violations of supervised release. A hearing was conducted on the charged violation (1) to which Sims pled not guilty, and our review discloses that the government proved by a preponderance of the evidence that Sims violated his supervised release by possessing

2

marijuana with the intent to sell or deliver. Accordingly, we find that the district court did not abuse its discretion in finding Sims guilty of violation (1) and revoking Sims' supervised release.

We will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). We first consider whether the sentence is procedurally or substantively unreasonable. Id. at 438. In this initial inquiry, we take a more deferential posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences. United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). Only if we find the sentence procedurally or substantively unreasonable must we decide whether it is "plainly" so. Id. at 657.

While a district court must consider the Chapter Seven policy statements and the statutory factors applicable to revocation sentences under 18 U.S.C. §§ 3553(a), 3583(e) (2006), the court need not robotically tick through every subsection, and ultimately, the court has broad discretion to revoke the previous sentence and impose a term of imprisonment up to the statutory maximum. Id. at 656-57. Moreover, while a district court must provide a statement of reasons for the sentence, the court need not be as detailed or specific when imposing a

3

revocation sentence as when imposing a post-conviction sentence. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010).

We have reviewed the record and conclude that Sims' sentence is within the prescribed range and is not plainly unreasonable. At the revocation hearing, the court properly considered the guidelines and applicable statutory factors in imposing its sentence, including Sims' noncompliance, his very serious criminal record, Sims' addiction, his pursuit of criminal activity, and the protection of the public.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. At this juncture, we deny counsel's motion to withdraw. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court at that time for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. Finally, we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4